**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Alphnie L. Williams ) | | |
| ) | | |
| Plaintiff, ) | No. 15 C 7115 | |
| ) | | |
| v. ) | Judge Virginia M. Kendall | |
| ) | | |
| Selene Finance LP ) | | |
| ) | | |
| ) | | |
| Defendants. ) | | |

**ORDER**

For the reasons set forth below, the Court grants Defendant Selene Finance LP's ("Selene") motion to dismiss Plaintiff Alphenie I. Williams's Amended Complaint in its entirety without prejudice. (Dkt. No. 8.) Williams may file a second amended complaint, if she is able within the contours of this Order, by May 26, 2016.

**BACKGROUND**

The Court takes the following allegations from the Amended Complaint and treats them as true for the purposes of the Defendant's motion. *See Gillard v. Proven Methods Seminars, LLC*, 388 F. App'x 549, 550 (7th Cir. 2010).

On or about August 13, 2014, Williams allegedly received a dunning notice at her home from Selene. (Dkt. No. 8 at ¶ 16.) The notice made "numerous claims" regarding an alleged loan and mortgage. (*Id*.) Williams served a Notice for Validation of Debt on Selene that same day. (*Id*. at ¶ 18.) On August 18, 2014, Williams received a response from Selene. (*Id*. at ¶ 19.) On May 5, 2015, Williams served another request for a Notice of Validation. (*Id*. at ¶ 20.) On or around June 30, 2015, Williams obtained her consumer credit report from Equifax, Experian, and TransUnion (collectively the "consumer reporting agencies" or "CRAs") and discovered that Selene was reporting the alleged debt to all three CRAs. (*Id*. at ¶¶ 24, 25.) Williams alleges that Selene did not state that the alleged debt was disputed and that she sent dispute letters regarding her account to the CRAs on two occasions in 2014. (*Id*. ¶ 28.) Williams further states that, based on information and belief, each of the CRAs forwarded her disputes to Selene. (*Id*. at ¶ 29.) In response to the disputes, TransUnion stated that "the account is longer reporting," Experian stated that the dispute was "processing," and Equifax stated that it had "verified" that the account belonged to Williams. (*Id*.)

## **LEGAL STANDARD**

A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face to survive a 12(b)(6) challenge. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the complaint contains factual content that supports a reasonable inference that the defendant is liable for the harm. *Id.* The complaint should be dismissed only if the plaintiffs would not be entitled to relief under any set of facts that could be proved consistent with the allegations. *See Visiting Nurses Ass'n of Southwestern Indiana, Inc. v. Shalala*, 213 F.3d 352, 354 (7th Cir. 2000). In making the plausibility determination, the Court relies on its "judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal,* 129 S.Ct. at 1950). For purposes of this motion, this Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

Furthermore, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a)(2) does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For a complaint to survive a 12(b)(6) challenge, the plaintiff must give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Huri v. Office of the Chief Judge of the Cir. Ct. of Cook County*, 804 F.3d 826, 832 (7th Cir. 2015). "Neither conclusory legal statements nor abstract recitations of the elements of a cause of action add to the notice that Rule 8 demands, so they do not help a complaint survive a Rule 12(b)(6) motion." *Id.* Rule 10(b) provides that claims should be set out "in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense." "The primary purpose of [Fed. R. Civ. P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

## **DISCUSSION**

In her Amended Complaint, Williams sets forth three causes of action against Selene. Specifically, Counts I and II allege that Selene violated various subsections of the Fair Debt Collection Practices Act (FDCPA) pursuant to 15 U.S.C. § 1692 and Count III alleges that Selene violated the Fair Credit Reporting Act (FCRA) pursuant to 15 U.S.C. § 1681. Selene moves to dismiss Williams's Amended Complaint in its entirety on both Rule 8 and Rule 12(b)(6) grounds. The Court considers Counts I and II together followed by Count III.

**I.     Counts I and II – FDCPA Claims**

To state a claim under the FDCPA, Williams must allege that (1) Selene qualifies as a debt collector as defined in § 1692a(6), (2) the actions of which Williams complains were taken in connection with the collection of any debt and (3) the actions violated one of the FDCPA's substantive provisions. *See Gburek v. Litton Loan Servicing LP,* 614 F.3d 380, 384 (7th Cir. 2010); *see also, e.g., Kabir v. Freedman Anselmo Lindberg LLC*, No. 14 C 1131, 2015 WL 4730053, at *2 (N.D. Ill. Aug. 10, 2015). In deciding whether collection letters violate the

FDCPA, courts must view them "through the eyes of the unsophisticated consumer." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (internal quotations omitted). "The unsophisticated consumer isn't a dimwit. She may be uninformed, naive, [and] trusting but she has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Id.* (internal quotations and citations omitted). Williams alleges that Selene violated numerous subsections of the FDCPA, including Sections 1692d, e, f, g, and j. (Dkt. No. 8 at 9-11.) The parties do not dispute that Selene is a debt collector per prong one, but Selene contends that Williams fails to meet the latter requirements.

To meet the second requirement, Williams pins many of her FDCPA claims on the August 8, 2014 Servicing Letter that she contends was sent to collect on a debt. In response, Selene contends that the letter does not invoke the FDCPA as it was only sent to inform Williams that Selene would be servicing the mortgage going forward. *See Bailey v. Sec. Nat. Servicing Corp.*, 154 F.3d 384, 388 (7th Cir. 1998) ("Under the law only communications in connection with the collection of any debt fall under the ambit of the Act, and the defendants' letters cannot reasonably be placed in that category.") (internal citations omitted). While there is "no bright line test to determine whether a communication is made in connection with the collection of a debt…courts weigh several factors to determine whether a communication is made in connection with the collection of a debt. Specifically, the Court must weigh the presence or absence of a demand for payment, the nature of the parties' relationship, and the purpose and context of the communications." *See, e.g., Preuher v. Seterus, LLC*, No. 14 C 6140, 2014 WL 7005095, at *2 (N.D. Ill. Dec. 11, 2014) (citing *Gburek*, 614 F.3d at 385). In reviewing the letter, it is plausible that it was intended to collect on a debt. In particular, the fact that the letter specifically states in the third paragraph that Williams "may use one of the enclosed temporary coupons to remit [her] payment until [her] Billing Statement arrives" and it that further provides that her "loan is currently due for the 12/01/2008 payment," could lead an "unsophisticated consumer" to believe that the letter was demanding payment. (Dkt. No. 8 at 13); *Wahl*, 556 F.3d at 645; *see also Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838, 841 (7th Cir. 2007). This finding is further bolstered by the fact that on the very same page, the letter notes that "Selene Finance LP is a debt collector attempting to collect a debt and any information obtained will be used for that purpose." (*Id.*) As such, even though the letter states that it is was sent to inform Williams that her "mortgage loan is transferring from Bank of America, N.A. to Selene," *see id.*, viewing the correspondence in its entirety and taking all reasonable inferences in Williams's favor, particularly given her *pro se* status, the Court holds that the letter could plausibly have been sent to collect on a debt. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) ("Because Perez's complaint is *pro se,* we construe it liberally, holding it to a less stringent standard than formal pleadings drafted by lawyers.") (quotation omitted).

The above finding, however, does not remedy the fact that the Amended Complaint fails to set forth any facts indicating that Selene acted in violation of any substantive provision of the FDCPA as required by the third prong. Williams first contends that Selene violated Section 1692g(b), which requires that once a consumer disputes a debt, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains *verification* of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." *Id.* (emphasis added). Yet, Williams pleads herself out of court

3

when she notes, in her Amended Complaint, that Selene did in fact respond to her dispute notice. (Dkt. No. 8 at ¶¶ 19, 21; *see also* Dkt. No. 27 at 7); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits.") (citations omitted). Williams provides no authority indicating that the Selene had any further obligations that it failed to meet, especially since her request for "validation" rather than "verification" is simply not provided for in the statute. (*See* Dkt. No. 27 at 8 (Selene noting that Williams's demand for "competent evidence is beyond any duty imposed by statute and cannot form the basis for a claim.").) Williams's Section 1692g(a) claim is similarly flawed as she contends that Williams did not respond to her subsequent validation requests despite the statute not requiring such responses to those additional inquiries. *See Weinstein v. Fink*, No. 99 C 7222, 2001 WL 185194, at *7 (N.D. Ill. Feb. 26, 2001). The remainder of Williams's claims are similarly unsupported by any alleged facts, and thus fall short of both Rule 8 and 12(b)(6). Williams contends that Selene violated Section 1692d, which generally provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Yet nowhere in her Amended Complaint does she set forth any facts indicating that Selene engaged in conduct approaching harassment or other abuse. The Court arrives at the same conclusion for Williams's Section 1692j (requiring deceptive action to create false belief in the consumer), Section 1692f (requiring use of unfair or unconscionable means to collect on a debt), and Section 1692e (requiring a false representation to collect on a debt) allegations. Williams's Section 1692k claim, related to attorney's fees and damages, is mooted given that she fails to set forth sufficient facts indicating that Selene "fail[ed] to comply with any provision of the subchapter." 15 U.S.C. § 1692k. Indeed, despite Selene spelling out the requirements of each of these sections and pointing to the dearth of facts supporting Williams's contentions pursuant to each section in its briefing, *see* Dkt. No. 27 at 9-11, Williams, as she did in her Amended Complaint, responded only by providing legal conclusions and references to irrelevant legal authority, *see e.g.,* Dkt. No. 34 at 2 (Williams citing to *Chevron* deference), that only further obscure the limited facts that are provided. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Such vague and conclusory allegations fail to pass muster under either Rule 8 or 12(b)(6). *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013) (quoting *Stanard*, 658 F.3d at 798). Accordingly, and even after liberally construing all facts in Williams's favor, particularly given her *pro se* status, the Court nevertheless holds that Williams has failed to state a claim under the FDCPA. Counts I and II are dismissed in their entirety.

## II.     Count III – FCRA

Williams contends that Selene violated the FCRA when it failed to "fully and properly investigate the Plaintiff's disputes regarding the account, and/or by reporting inaccurately the results of such investigation." (Dkt. No. 8 at ¶ 55.) "In general, [the FCRA] requires that a furnisher of information conduct an investigation as to the accuracy of information provided to a [Credit Reporting Agency] upon receipt of notice from the CRA that the consumer disputes the debt." *See, e.g., Rollins v. Peoples Gas Light & Coke Co.*, 379 F. Supp. 2d 964, 966 (N.D. Ill. 2005); *see generally* 15 U.S.C. § 1681s-2(a)-(b). "Furnishers of information…are accountable

4

under § 1681s–2(b) only if they continue to supply inaccurate data to credit reporting agencies after proper notification by the CRA." *See, e.g., id*. at 966; 15 U.S.C. §§ 1681s-2(b)(1)(A)-(D). As such, to state a claim, Williams must show that (1) she reported the allegedly inaccurate report information to the CRAs, (2) the CRAs reported the alleged inaccurate information to Selene, and (3) Selene failed to investigate the account or correct any inaccurate information. 15 U.S.C. § 1681s-2(b).

Selene moves to dismiss based on requirement two, *i.e.* that Williams fails to allege sufficient facts to show that the CRAs reported the alleged inaccurate information to Selene. (Dkt. No. at 12.) Although the Amended Complaint states that "[o]n information and belief, the Plaintiff alleges that each CRA then forwarded [her] disputes to Defendant," Dkt. No. 8 at ¶ 29, allegations that Selene received the dispute reports "on information and belief" are inadequate to survive a motion to dismiss. *See, e.g., Densmore v. Gen. Motors Acceptance Corp.*, No. 03 C 1866, 2003 WL 22220177, at *2 (N.D. Ill. Sept. 25, 2003); *Neiman v. Chase Bank, USA, N.A.*, No. 13 C 8944, 2014 WL 3705345, at *7 (N.D. Ill. July 25, 2014). The rationale behind this requirement is that Williams could have ascertained whether Selene received notice of the disputes without discovery, particularly as the FCRA provides that a consumer is entitled to such information. *See, e.g., Denmore*, 2003 WL 22220177, at *2 ("The FCRA provides a means for him to easily verify his hunch that GMAC received notice. GMAC's presence in this lawsuit is only possible if a credit agency told it about Mr. Densmore's dispute. The answer to the critical question regarding notice is readily ascertainable without discovery."); *see also Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1496 (7th Cir. 1989) (condemning the "file first, research later" approach). Pleading on information or belief is acceptable only in instances where the plaintiff demonstrates that such information is inaccessible, but Williams does not allege any facts indicating such in her Amended Complaint.[1] *See, e.g., Rollins*, 379 F. Supp. 2d at 967. Moreover, given Williams's complete failure to respond[2] to Selene's contentions on this ground, the Court dismisses Count III. *See, e.g., Jones v. U.S. Bank Nat. Ass'n*, No. 10 C 0008, 2011 WL 663087, at *3 (N.D. Ill. Feb. 14, 2011) (dismissing cause of action on similar grounds and where plaintiff failed to respond to defendant's contentions).

## CONCLUSION

For the reasons set forth above, the Court grants Selene's motion to dismiss Williams's Amended Complaint in its entirety without prejudice. (Dkt. No. 8.) Williams may file a second amended complaint, if she is able within the contours of this Order, by May 26, 2016.

---

[1] Although there seems to be some disagreement among the Courts regarding whether allegations based on information and belief are sufficient to meet the notice requirement under the FCRA, more recent case law weighs in favor of finding such pleadings inadequate. *See, e.g., Neiman*, 2014 WL 3705345, at *7 ("Recent district court decisions requiring an allegation of the requisite notice are correct that this key information is easily verifiable.") (internal citations omitted and collecting cases). This Court holds similarly.

[2] Rather than substantively respond, Williams simply (and inadequately) restates her allegations in her Response. (*See* Dkt. No. 34 at 5.)

                                                                                        /s/Virginia M. Kendall
                                                                      Virginia M. Kendall
                                                                    United States District Court Judge
                                                                    Northern District of Illinois

Date: 5/10/2016