IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALPHENIE I. WILLIAMS, | |
| PLAINTIFF, | CASE NO. 15-CV-07115 |
| VS. | HON. VIRGINIA M. KENDALL |
| SELENE FINANCE LP, | |
| DEFENDANT. | |

**SELENE FINANCE LP'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Now comes Defendant, Selene Finance LP ("Defendant"), by and through its attorneys, Smith & Weik, LLC, and in reply to Plaintiff, Alphenie I. Williams' ("Plaintiff") Response to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint under Federal Rules of Civil Procedure 8, 10 and 12(b)(6), and in support thereof, states as follows:

**Rule 8**

The Response does not address Defendant's Rule 8 and Rule 10 argumenta. This Court is required to "liberally" construe Plaintiff's Complaint and hold it to a "less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). However, even pro se litigants "must follow court rules and directives." *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012). "[A]bstract recitations of the elements of a cause of action" do not satisfy Rule 8(a)(2). *See*, *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). The Second Amended Complaint does not follow Rule 8's requirements of a "short and plain statement of the claim showing" that Plaintiff is entitled to relief.

1

**Rule 12(b)(6)**

Defendant's Motion to Dismiss asserts, among other things, that the Second Amended Complaint, fails to assert facts from which the court could reasonably infer that Defendant violated any section of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff's Response correctly states that all well-pleaded facts must be accepted as true. *See*, *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). However, the Court must then ask whether those facts state a plausible claim for relief. *See Id.* at 679, 129 S.Ct. 1937. Defendant's motion asserts that the Second Amended Complaint does not assert any facts to support the elements of an FDCPA cause of action. The Response does not identify any facts in the Second Amended Complaint which allege the actions complained of were in connection with the collection of a debt or that the actions violated a substantive provision of the FDCPA. Further, Plaintiff's Response does not address Defendant's contentions that the correspondence at issue was not a communication in connection with an attempt to collect a debt or that any FDCPA claim is barred by the statute of limitations.

**Conclusion**

Plaintiff's Second Amended Complaint should be dismissed for failure to comply with minimum pleading standards and for failure to state a claim upon which relief can be granted.

Respectfully submitted,<br>
**SELENE FINANCE LP**<br><br>
By: /s/ Jonathan D. Nusgart<br>
One of its Attorneys

Michael J. Weik
Jonathan D. Nusgart
SMITH & WEIK, LLC
1011 Lake Street, Suite 412
Oak Park, Illinois 60301
Tel: (708) 386-9540

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2016, I filed the above pleading via the court's CM/ECF system and notice will be served to all registered parties by electronic notice.

By: /s/ Jonathan D. Nusgart