**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Alphenie I. Williams, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 7115 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| Selene Finance LP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On August 13, 2015, Plaintiff filed a one-count *pro se* complaint against Defendant alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. She subsequently filed a three-count Amended Complaint on December 14, 2015, alleging violations of the FDCPA and the Fair Credit Reporting Act, 15 U.S.C. § 1681. Defendant filed a motion to dismiss the Amended Complaint, which this Court granted without prejudice on May 10, 2016. Plaintiff filed a Second Amended Complaint on May 26, 2016. Defendant now moves to dismiss the Second Amended Complaint with prejudice.[1] Defendant Selene Finance LP's Motion to Dismiss is granted. (Dkt. No. 48).

---

[1] Plaintiff also filed a "Notice for Leave to File of Corrected Second Amended Claim" on June 10, 2016, ten days before Defendant's deadline to answer or otherwise plead to her Second Amended Complaint. (*See* Dkt. Nos. 46-47). Leave to amend a complaint for a third time is discretionary, *see* Fed. R. Civ. P. 15(a)(2), and the Court may reject a proffered amended complaint where there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *See Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (internal quotation marks and citation omitted). Not only did Plaintiff fail to file a motion seeking leave of this Court to file such a third amended pleading as required under the Federal Rules of Civil Procedure, which is the first basis on which this Court denies her such leave, *see, e.g., Townsend v. Alexian Bros. Med. Ctr.*, 589 F. App'x 338, 339 (7th Cir. 2015) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006)) (holding that even *pro se* litigants must follow rules of civil procedure); but, she has repeatedly failed to cure the deficiencies in her complaint and her proposed amendment is futile. The facts alleged in Plaintiff's Second Amended Complaint are materially the same as those set forth in her proposed Corrected Second Amended Claim. And, as Defendant notes on page 2 of its motion at bar, the proposed Corrected Second Amended Claim does not cure the defects set forth in this order. The Court will not burden the

**I. BACKGROUND**

The Court takes the following allegations from the Second Amended Complaint and treats them as true for the purposes of evaluating Defendant's motion. *See Gillard v. Proven Methods Seminars*, LLC, 388 F. App'x 549, 550 (7th Cir. 2010). On August 12, 2014, Plaintiff received what she refers to as a "dunning letter" from Defendant that was dated August 8, 2014. (Dkt. No. 44, ¶ 49). The letter read in part, "Effective August 1, 2014 please begin sending your mortgage payments to ("SELENE") using one of the options below." (*Id*. at ¶ 47). Plaintiff claims this first communication was made even though "Defendant knew or should have known that the Consumer Plaintiff is represented by an attorney with respect to such debt, or can readily ascertain, such attorney's name and address in violation of FDCPA 15 U.S.C. § 1692c(a)(2)." (*Id*. at ¶ 48). Plaintiff also maintains that this letter was made in attempt to "harass or abuse" her. (*Id*. at ¶ 51). Plaintiff also makes general complaints about an "assignment" made by Defendant "without the required disclosures." (*See id*. at ¶¶ 9, 12-19). Specifically, Plaintiff alleges that "Defendant filed an assignment in the county record dated 12/03/2014 while continuing its illegal actions without the required disclosures…" (*See id*. at ¶ 55; *see also, id*. at ¶ 56-58).

**II. LEGAL STANDARD**

As stated in this Court's order on May 10, 2016 that granted Defendant's initial motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face to survive a 12(b)(6) challenge. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making the plausibility determination, the Court relies on its "judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 129 S. Ct. at 1950). For a complaint to survive a 12(b)(6) challenge, the plaintiff must give the

---

parties with briefing the sufficiency of this pleading that Plaintiff did not have leave to file and, to the extent her "Notice for Leave" [47] is a motion, that motion is denied.

defendant fair notice of what the claim is and the grounds upon which it rests. *See Huri v. Office of the Chief Judge of the Cir. Ct. of Cook County*, 804 F.3d 826, 832 (7th Cir. 2015). "Neither conclusory legal statements nor abstract recitations of the elements of a cause of action add to the notice that Rule 8 demands, so they do not help a complaint survive a Rule 12(b)(6) motion." *Id*. For purposes of this motion, this Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a)(2) does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 10 requires the Plaintiff to state her claims in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances, and also requires that each claim founded on a separate transaction or occurrence be stated in a separate count if doing so would promote clarity." *See Standard*, 658 F.3d at 797 (internal quotation marks and citations omitted). The Court's primary concern in evaluating whether a complaint satisfies the pleading requirements under Rules 8 and 10 is whether the defendants have been provided "fair notice of the claims against them and the grounds supporting the claims." *See id.* at 797-98. For example, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *See id.* at 798.

## III. DISCUSSION

Although Plaintiff fails to organize the claims in her Second Amended Complaint into separate Counts, she cites to a number of specific provisions of the FDCPA. To state a claim under the FDCPA, Plaintiff must allege that: (1) Defendant qualifies as a debt collector as defined in § 1692a(6); (2) the actions of which Plaintiff complains were taken in connection with the collection of any debt; and (3) the actions violated one of the FDCPA's substantive provisions. *See Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010); *see also, e.g., Kabir v. Freedman Anselmo Lindberg LLC*, No. 14 C 1131, 2015 WL 4730053, at *2 (N.D. Ill. Aug. 10, 2015). Defendant does not dispute that it is a debt collector with respect to the first element, instead arguing only that Plaintiff has failed to allege facts sufficient to satisfy the second and third elements. With respect to the second element, Defendant renews the argument made in its initial motion to dismiss; namely, that Plaintiff has failed to plausibly allege that the letter sent to Plaintiff on August 8, 2014 was made in connection with a debt. This argument was rejected by the Court in its May 10, 2016 order and, for the reasons stated in that order, is once again denied. Viewing the correspondence in its entirety and drawing all reasonable inferences in favor of the *pro se* Plaintiff, the Court finds that the letter could plausibly have been sent to collect a debt. All of Plaintiffs' claims fail, however, because Plaintiff has not plausibly alleged that Defendant's actions violated any substantive provision of the FDCPA.

The Court first considers Plaintiff's claim under Section 1692c(a)(2) of the FDCPA. "The FDCPA § 1692c(a)(2) states that a debt collector may not communicate with a consumer, in connection with the collection of any debt, if the debt collector knows that the consumer is represented by counsel." *See Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 602 (7th Cir. 2016). Liability under this Section depends on the actor's actual knowledge with respect to the

4

consumer's representation specific to the debt in question. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004); *see also, e.g., Miller v. Allied Insterstate, Inc.*, No. 04 C 7126, 2005 WL 1520802, at *4 (N.D. Ill. 2005) (collecting cases). Plaintiff sets forth facts that infer that she was not even represented by counsel with respect to the relevant debt at the time Defendant contacted her: not that Defendant had actual knowledge of that representation.

In her Second Amended Complaint, Plaintiff alleges that Defendant "knew or should have known" that she was represented by counsel. (*See* Dkt. No. 44, ¶ 48). Though the Court need not weigh in on the issue at this time, it recognizes that this simple allegation may generally be sufficient to survive a motion to dismiss. *See, e.g.*, *Micare v. Foster & Garbus*, 132 F. Supp. 2d 77, 81 (N.D.N.Y. 2001) (denying motion to dismiss where Plaintiff merely alleged "that Defendant knew that the plaintiff was represented by counsel"); *contra Sosa v. Client Services, Inc.*, Case No. 11-03021 (WHW); 2011 WL 5599937, at *5 (D.N.J. Nov. 16, 2011) (plaintiff "must raise at least some factual basis for her claim that Client Services knew or should have known that she was represented by counsel."). It is not, however, sufficient to survive dismissal in a case such as this where Plaintiff has provided only facts that contradict her conclusion.

In support of her allegation that Defendant knew or should have known of her representation, Plaintiff cites to and attaches a letter dated November 3, 2014 that was signed by an attorney named Sandra M. Emerson and addressed to Judge Pamela Meyerson in connection with the case *Bank of America v. Alphenie Williams*, Case No. 09 CH 47625. *See* Dkt. No. 44, 19; *see also Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997) (in evaluating the sufficiency of a *pro se* complaint, the court may consider factual allegations contained in other court filings as long as they are consistent with the allegations in the complaint). The letter is dated November 3, 2014, nearly three months after the communication at issue in this case was

5

mailed, and the letter is not addressed to, nor does it otherwise mention the Defendant in this case. Plaintiff does not clarify whether Emerson represented her in the state court case and, even if she did, Plaintiff fails to allege when the attorney was retained; whether the attorney represented her in any other matters; and what relationship, if any, exists between the state court case referred to in the attached letter and the debt at issue in this case. Defendant clarifies that this correspondence was in relation to Plaintiff's mortgage foreclosure proceedings, (*see* Dkt. No. 48, 6), but the allegation must be that the debt collector had knowledge that the debtor was represented in connection with the specific debt at issue. *See, e.g., Miller*, 2005 WL 1520802, at *4; s*ee also, e.g., Wright v. Select Portfolio Servicing, Inc.*, No. 8:14-cv-2298-T-30TGW, 2015 WL 419618, at *5 (M.D. Fla. Feb. 2, 2015) (dismissing claim where debt collector only had notice that consumer was represented in a mortgage foreclosure proceeding, not with respect to the collection of the debt). Plaintiff has not alleged that she or anyone else contacted Defendant or informed Defendant that she was represented by counsel and she has not alleged any facts even suggesting that Defendant had such knowledge.

The Court also notes that Plaintiff's claim that Defendant knew or should have known she was represented by counsel, a claim that was not raised in her original or amended complaints, also conflicts with her earlier pleadings. In her Amended Complaint that was previously dismissed by this Court without prejudice, Plaintiff admitted to corresponding with the Defendant following its initial contact with her in August 2014. (*See* Dkt. No. 8, ¶¶ 18-21). She attached a copy of the letter she sent to the Defendant on her own behalf stating that she was requesting "validation" of the amount of the alleged debt. (*See id.*, Exs. B, C). Following these allegations, Plaintiff stated that she found counsel to represent her with respect to all matters regarding the Defendant. (*See id*. ¶ 23). This portion of Plaintiff's Amended Complaint appears

6

to be organized chronologically and therefore her retention of counsel occurred following her receipt of the subject communication from Defendant since Plaintiff was initially corresponding with Defendant on her own behalf.

It may be that a Plaintiff does not generally need to plead a factual basis to support the conclusion that "Defendant knew Plaintiff was represented by counsel" in violation of Section 1692c(a)(2), *see supra*; however, because this *pro se* Plaintiff claims that Defendant "knew or should have known" she was represented by counsel is directly contradicted by the facts alleged in her previous complaints and provided by her in documentation supporting this conclusion, the Court dismisses her claim. A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (internal quote marks and citation omitted). Plaintiff has not satisfied that burden and her Section 1692c(a)(2) claim is dismissed.[2] Plaintiff has already been given two opportunities to amend her claim to include a factual basis sufficient to support her allegation that Defendant knew or should have known she was represented by an attorney with respect to this specific debt when it mailed the August 8, 2014 letter and she has failed to do so.

---

[2] The Court notes that Defendant also moves to dismiss Plaintiff's claim under 15 U.S.C. § 1692c as untimely. The Defendant concludes that using either the mailing date of the letter (August 8, 2014) or the receipt date of the letter (August 12, 2014) as the accrual date for the one-year statute of limitations "makes no difference because the original complaint was filed one year and one day after the later of the two dates." (*See* Dkt. No. 48, 9). On the contrary, should the latter date (the date of receipt) be the date of accrual, then it may very well be that Plaintiff filed within the limitations period as Rule 6a of the Federal Rules of Civil Procedure does not count the day of the event that triggers the period in computing time. Rule 6a may or may not apply in these circumstances, but neither this issue nor the accrual date issues have been adequately briefed for resolution at this time. It is "rarely a good reason to dismiss under Rule 12(b)(6)" based on the period of limitations as it is an affirmative defense, *see Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 2010 (7th Cir. 2004), and because this argument is underdeveloped, the Court will not address it. *See Gburek*, 614 F.3d at 387 (underdeveloped arguments are deemed waived).

Lastly, Plaintiff has similarly failed to allege facts sufficient to maintain claims under Sections1692b, 1692d, 1692e, and 1692g of the FDCPA. These claims are unsupported by any alleged facts and fall short of both Rule 8 and 12(b)(6). Plaintiff contends—as she did in her Amended Complaint that was previously dismissed—that Defendant violated Section 1692d, which generally provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Plaintiff's Amended Complaint failed to allege facts indicating that the Defendant engaged in conduct even approaching harassment or other abuse and she has failed to remedy that pleading issue in this Second Amended Complaint. Similarly, with respect to Plaintiff's Section 1692b (requiring communication with a person other than the consumer for the purpose of acquiring location information about the consumer), Section 1692g (requiring validation of debts), and Section 1692e (requiring a false representation to collect on a debt) allegations, Plaintiff has once again pled only legal conclusions and failed to provide facts that would put Defendant on notice as to what it is expected to defend. Plaintiff's response brief only serves to further obscure the limited facts that are provided in her Second Amended Complaint. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Such vague and conclusory allegations fail to pass muster under either Rule 8 or 12(b)(6). *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013) (quoting *Standard*, 658 F.3d at 798). Accordingly, even after liberally construing all facts in Plaintiff's favor, particularly given her *pro se* status, and having been given two opportunities to correct the flaws, Plaintiff has failed to state a claim under Sections 1692b, 1692d, 1692e, and 1692g of the FDCPA. The case is dismissed.

## CONCLUSION

For the reasons stated, Plaintiff's Second Amended Complaint [48] is dismissed with prejudice.

Date: __8/26/2016_____  _____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois